UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 25-9043 PA (AJRx) | Date | April 17, 2026 |
| Title | M. Jeanine Trevillyan v. Carpenters Services Admin. Corp., et al. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      **IN CHAMBERS - MINUTE ORDER**

Before the Court is a Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by defendant Carpenters Services Administrative Corporation ("CSAC" or "Defendant").  (Docket No. 23 ("Motion to Dismiss").)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for May 4, 2026, is vacated, and the matter taken off calendar.

Plaintiff, who is proceeding pro se, commenced this action on September 15, 2025.  The Complaint names two defendants, CSAC and the Board of Trustees of the Southwest Carpenters Pension Trust ("Board of Trustees") (jointly "Defendants").[1]  Plaintiff's Complaint seeks relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq.  In its Motion to Dismiss, CSAC argues that it is not a proper defendant in this action because only the Board of Trustees, not CSAC, manages the pension plan at issue in this case.  CSAC also argues that the Complaint fails to state a claim for relief because Plaintiff fails to allege that she was entitled to the benefits sought under the applicable plan.

Plaintiff did not file an Opposition to the Motion to Dismiss within the deadline established by Local Rule 7-9.  See Local Rule 7-9 (requiring the filing of an Opposition "not later than twenty-one (21) days before the date designated for the hearing of the motion").  Instead, Plaintiff filed a Motion to Strike Defendant's Motion, asking the Court to strike CSAC's Motion due to CSAC's failure to comply with Local Rule 7-3's meet and confer requirements (Docket No. 26 ("Motion to Strike")).[2]  However, Plaintiff's Motion to Strike was filed on April

---

[1]      CSAC represents in its Motion that the Southwest Carpenters Pension Trust is now officially known as the Western States Carpenters Pension Trust.  (Mot. at p. 2 n.1.)

[2]      In support of their Motion, CSAC filed a Request for Judicial Notice, asking the Court to take judicial notice of the Board of Trustee's entity name change and to take judicial notice of, and incorporate by reference, various plan documents.  (Docket No. 24.)  Plaintiff

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-9043 PA (AJRx) | Date | April 17, 2026 |
|---|---|---|---|
| Title | M. Jeanine Trevillyan v. Carpenters Services Admin. Corp., et al. | | |

14, 2026, with a hearing noticed for May 4, 2026, twenty days later.  The Motion to Strike therefore fails to comply with Local Rule 6-1, which provides that "[t]he notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing . . . ."  Accordingly, the Court has stricken Plaintiff's Motion to Strike due to Plaintiff's violation of Local Rule 6-1.[3/]

Plaintiff's failure to file an Opposition to CSAC's Motion to Dismiss is itself sufficient grounds to grant the Motion.  See Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.").  However, because Plaintiff is appearing pro se, the Court continues the deadline for Plaintiff to file an Opposition to **May 4, 2026**.  The Court warns Plaintiff that the failure to file an Opposition to CSAC's Motion by that date may result in the granting of the Motion and the dismissal of CSAC from this action.  Should Plaintiff file an Opposition by that date, CSAC may file a Reply no later than **May 11, 2026.**  The Court will notify the parties of the Court's resolution of the Motion or the date and time of a hearing should the Court conclude that oral argument will assist the Court.

In addition, although the Board of Trustees is named as a defendant in this action, there is no indication in the record that this defendant was ever properly served.  Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed.  Fed. R. Civ. P. 4(m).  The Court previously issued an Order to Show Cause why this action should not be dismissed for lack of prosecution after Plaintiff failed to file proofs of service as to either Defendant.  (Docket

---

filed an opposition to the Request for Judicial Notice, but this filing does not address the arguments raised in the Motion to Dismiss.  (Docket No. 29.)

[3/]    Moreover, while Plaintiff claims that CSAC "unilaterally scheduled a hearing and filed their moving papers without conducting the required pre-filing conference" (Motion to Strike at p. 1), CSAC's Motion indicates that a Local Rule 7-3 conference took place on March 10, 2026.  (Docket No. 23, Notice at p. 3 ("[P]ursuant to Central District of California Local Rule 7-3, counsel for Defendant CSAC and Plaintiff M Jeanine Trevillyan conducted a telephonic conference on March 10, 2026.  The parties discussed the substance of this Motion, but were unable to reach a resolution that eliminated the necessity for a hearing.").)  Because Plaintiff's Motion to Strike does not meaningfully address CSAC's Local Rule 7-3 statement, Plaintiff's Motion is without merit.  If Plaintiff means to argue that the March 10, 2026 telephonic conference did not take place or that the parties did not discuss the substance of the Motion to Dismiss during that meeting, she may do so in an opposition brief to CSAC's Motion to Dismiss.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-9043 PA (AJRx) | | Date | April 17, 2026 |
|----------|----------------------|---|------|----------------|
| Title | M. Jeanine Trevillyan v. Carpenters Services Admin. Corp., et al. | | | |

No. 11.)  After considering Plaintiff's Response, the Court continued the deadline for Plaintiff to serve each Defendant to March 9, 2026.  (Docket No. 13.)  Plaintiff filed a proof of service as to CSAC on February 12, 2026, but to date has not filed a proof of service as to the Board of Trustees.

      Accordingly, the Court orders Plaintiff to show cause in writing, by no later than **May 4, 2026**, why the Board of Trustees should not be dismissed from this action for lack of prosecution.  This Order to Show Cause will be discharged upon either the filing of a proof service establishing service on the Board of Trustees, or the filing of a motion, stipulation, or other appropriate application requesting relief concerning service on this defendant.  Plaintiff is warned that failure to adequately respond to this Order by the above date will result in the dismissal of the Board of Trustees from this action.

      IT IS SO ORDERED.

      cc: jtrev@leader.com; racmeece@hotmail.com

---